93 F.3d 56
 29 Bankr.Ct.Dec. 723
 The AETNA CASUALTY & SURETY COMPANY, Appellant,
v.
GEORGIA TUBING CORPORATION, Defendant,
Chateaugay Corporation; Reomar, Inc.; The LTV Corporation
and Georgia Tubing Corporation, et al., Debtors-Appellees.
 No. 1712, Docket 95-5072.
 United States Court of Appeals,
Second Circuit.
 Argued June 7, 1996.
Decided Aug. 19, 1996.
 
 G. Eric Brunstad, Jr., Hartford, Conn. (Peter C.L. Roth, Scott H. Rothstein, William J. Yoo, Hebb & Gitlin, Hartford, Conn., on the brief), for appellant.
 M. William Munno, New York City (Ronald L. Cohen, Robert B. O'Connor, Seward & Kissel, New York City, on the brief), for debtor-appellee Georgia Tubing Corporation.
 Before: NEWMAN, Chief Judge, McLAUGHLIN, Circuit Judge, and CHATIGNY,* District Judge.
 PER CURIAM:
 
 
 1
 Aetna Casualty & Surety Co. ("Aetna") appeals from the July 25, 1995, judgment of the District Court for the Southern District of New York (Loretta A. Preska, Judge), affirming the February 4, 1993, order of the Bankruptcy Court (Francis G. Conrad, Judge) that disallowed Aetna's claim against Georgia Tubing Corp. for "prospective subrogation" to the rights of the State of Georgia against Georgia Tubing. The District Court held that section 502(e)(1)(B) of the Bankruptcy Act, 11 U.S.C. § 502(e)(1)(B), barred Aetna's claim, whether labeled as a claim for prospective subrogation or contingent reimbursement. We affirm, concluding that the disallowed claim relates only to subrogation with respect to any payments Aetna might be called upon to make with respect to pre-bankruptcy liabilities of Georgia Tubing.
 
 
 2
 In 1984 Aetna issued two bonds[1] to the State of Georgia to secure Georgia Tubing's obligations under a permit allowing Georgia Tubing to store hazardous wastes temporarily on its premises. In 1986, the LTV Corporation and its subsidiaries, including Georgia Tubing, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Though Aetna had not then (or since) made any payments under its bonds, it filed a proof of claim. The claim alleged that Aetna "may be required to make payments pursuant to some or all of the Bonds in the future" and "asserts a right of subrogation as to each Bonded Obligation, or portion thereof, which it hereafter pays." The claim was disallowed by the Bankruptcy Court, and the District Court affirmed. Between the two rulings, Georgia Tubing and Georgia entered into a settlement whereby the only claims of Georgia to be discharged under the reorganization plan are claims under environmental laws for response costs incurred preconfirmation and claims for penalties under environmental laws for activities undertaken by LTV debtors prepetition; all other claims are preserved. The Bankruptcy Court approved the settlement and confirmed the plan.
 
 
 3
 We agree with the Bankruptcy Court and the District Court that section 502(e)(1)(B) bars Aetna's claim, which was contingent. That subsection bars any claim for "reimbursement or contribution" if such claim "is contingent as of the time of allowance or disallowance of such claim." As the District Court ruled, "Aetna's denotation of its claim as one of 'contingent' or 'prospective' subrogation cannot obscure the fact that Aetna is asserting a contingent codebtor claim for reimbursement."
 
 
 4
 Though Aetna appears to assert that its claim for subrogation has been disallowed even as to money that it might be called upon to pay on behalf of Georgia Tubing with respect to liabilities incurred post-bankruptcy, such fears are groundless. The Bankruptcy Court did not purport to disallow any claim that Aetna might assert in the future for reimbursement of payments that Aetna might be called upon to make with respect to post-bankruptcy liabilities of Georgia Tubing. The Bankruptcy Code's assurance of a fresh start does not accord George Tubing immunity from post-bankruptcy liabilities. If, as Aetna apprehends, Georgia Tubing should incur environmental liabilities to Georgia when its facility is closed sometime in the future, and if Aetna is then called upon to pay Georgia with respect to such liabilities, nothing in the order we affirm today bars whatever reimbursement claims Aetna might then have.
 
 
 5
 The order of the District Court is affirmed.
 
 
 
 *
 Honorable Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation
 
 
 [1]
 There is some dispute whether Aetna issued two bonds or two versions of one bond. For purposes of this appeal, that dispute is irrelevant